IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2007-7T2, Mortgage Pass-Through Certificates, Series 2007-7T2<br>        Plaintiff<br>        v.<br><br>Andrew J. Witty, et al<br>                    Defendant(s) | Case No. 2:15-cv-00500 MCA-MAH<br><br>CIVIL ACTION<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING LOSS MITIGATION AND OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO DEPOSE WITNESSES |

Plaintiff hereby opposes Defendant's Motion to Stay Foreclosure Proceedings pending loss mitigation, for leave to take depositions and for other relief thus:

1. This is an action in mortgage foreclosure which Plaintiff commenced by the filing of a Complaint in the Superior Court of New Jersey on June 18, 2014 under Docket No. F-024738-14. The action arises out of the execution by Defendants Andrew Witty and Sheryl Witty ( "Witty" or "Defendants") of a note and mortgage to evidence a loan extended to them In the original principal amount of $1,200,000.00. As set forth in the Complaint, Witty defaulted in the repayment of the loan by failing to make the monthly payment which became due on December 1, 2009. Thus, Witty has not made a payment on this loan in nearly fourteen (14) years.

2. The foreclosure action was removed to the U.S. District Court in the within matter and thereafter consolidated with an action instituted by Witty against Plaintiff under Case No.15-8486. By Letter Order dated August 14,2020, this court granted Plaintiff's Motion for Summary

Judgment and denied Witty's Cross Motion for Summary Judgment and dismissed Witty's Complaint under case No. 15-8486.

3. Following the court's ruling, no sheriff's sale could be scheduled immediately because pursuant to New Jersey law, summary judgment does not constitute final judgment, the entry of which is required prior to a sheriff's sale. To enter final judgment, a foreclosure plaintiff must fix the amount due, usually by Certification of Proof of Amount Due.  Further, when summary judgment was granted, the country was in the midst of the COVID pandemic moratorium on proceeding to final judgment in foreclosure cases, and , of course, sheriff's sales. As a result of the above circumstances, Plaintiff was precluded from proceeding to final judgment. The entry of summary judgment did, however, resolve the merits of the foreclosure action in Plaintiff's favor.

4. By Order dated April 28, 2022, the court directed that the sale ( which will be conducted here by a magistrate as opposed to the sheriff in state foreclosure cases ) be held by July 29, 2022. If the documentation required to schedule the sale was not submitted by May 28, 2022, the case would be dismissed. On May 31, 2022, the case was in fact dismissed.

5. Plaintiff moved to vacate the dismissal and to reinstate the action on the active docket on July 14, 2023, and on October 2, 2023 filed a Motion to Enter Final Judgment. Such motion was accompanied by a Certification of Proof of Amount Due, as of August 15, 2023, in the amount of $2,663,719.67.

6. Witty has moved to stay the foreclosure on the strength of an alleged loss mitigation application pursuant to 12 C.F.R. Section 1024 which prohibits so-called dual tracking, that is , the continued prosecution of a foreclosure application when a loss mitigation

application is under active review. More recently, Witty has filed motions for leave to take depositions and for the production of documents.

## MOTION TO STAY PROCEEDINGS

7. Witty relies on 12 C.F.R. Section 1024 in support of his contention that the foreclosure should be stayed. He claims to have submitted a loss mitigation application "in various parts" on or about August 18, 2022. He does not append to his motion a copy of such submission nor the various documents required to be attached to such application in order to render the application complete and thus trigger the review on the merits. He does not attach any documentation or correspondence from Plaintiff to confirm that the loss mitigation was complete or even received. Nor does he explain how such an application would remain pending and under review for over one (1) year after it was submitted. In short, there is nothing to indicate that any loss mitigation application was submitted "in various parts" or otherwise, and particularly that any complete loss mitigation application was ever submitted. Without proof that a loss mitigation is pending, and there is none, there is nothing to review and therefore a stay is inappropriate. Further, by Defendant's own admission, his claim is that a loss mitigation was submitted piecemeal in 2022. Any such application for loss mitigation must be complete before a defendant is entitled to a formal review, and such an application expires, or becomes "stale", if not complete within 90 days. Therefore, Defendant's application, if one were made, would have expired many months ago. Defendant would have been required to submit a complete, new application with updated financial information. And Defendant does not even allege to have done so.

AS TO DEPOSITIONS OF PLAINTIFF'S REPRESENTATIVES
AND OPPOSITION TO FINAL JUDGMENT

8. Witty also moves to take the depositions of various individuals, attorneys and others because he claims to have been prejudiced because such individuals were not identified by name at the time of the initial Rule 26 disclosures. As a result, Witty claims extreme prejudice.

9. To avoid the prejudice which befalls him, Defendant seeks to depose various individuals and wants to review yet more documentation. This application is made in the context of Defendant's opposition to Plaintiff's Motion to Enter Final Judgment. Instead of a filing, thoughtful, appropriate and serious opposition to final judgment, this submission lacks merit. It is, instead , another attempt to live in a house for free for as long as he possibly can, with no regard for the expense visited upon Plaintiff and its deteriorating financial position. After having refused to make any payment of principal, interest, taxes or insurance for nearly fourteen (14) years, and in response a an itemized Certification of proof of Amount Due, Defendant fails to offer any specific objection or challenge to Plaintiff's figures or calculations. If Defendant claimed that he made payments which were not credited properly, he was obligated to identify such checks specifically. If he claims Plaintiff's calculation of interest was somehow incorrect, now is the time to demonstrate any inaccuracy. Or if he claimed to have made payments of taxes and insurance, these must be identified specifically.

10. But there was no specific objection or challenge. Defendant, without offering any fact based claim or documentary evidence which might constitute a specific challenge to Plaintiff's Certification of Proof of Amount Due, Defendant would  relitigate every claim that has already been decided and resolved. Issues of standing, possession of the original note, and endorsements on the note were resolved when the court entered summary judgment for Plaintiff.

A request for depositions of Plaintiff's representatives and attorneys is not a specific challenge to the amount which Plaintiff claims is due. At the final judgment stage, Defendant, having offered nothing by way of specific challenge to the amount claimed due, is not entitled to embark on a proverbial fishing expedition in the hope that he may find some insignificant error or miscalculation. Defendant knows if he made payments of principal, interest, taxes and insurance  and if Plaintiff's calculation of interest, a purely arithmetical exercise, is not correct, he was obligation to show specifically how it was incorrect. This is not a good faith motion.  Issues of standing, compliance with the Fair Foreclosure Act, possession of the original note, endorsement of the note and challenges to affiants' knowledge are not subject to relitigation at the final judgment stage of a foreclosure action.

       11. The central, indeed only, issue at final judgment is the amount due. And any determination of such amount here, as in all foreclosures, is determined by the payment history of the loan and the records maintained by the foreclosure plaintiff or its servicer in the ordinary course of its regularly conducted business activity.

       12.  Thus, Plaintiff here has submitted a Certification of Proof of Amount Due. such a document is based on the loan history, also known as the payment or transaction history. This record is maintained in all foreclosure cases by the Plaintiff or its servicer as part of the regular course of its business and it was the regular practice of the business of plaintiff or its servicer to maintain such records, based on the personal inspection or review of a witness or the person making the Certification.  At a foreclosure trial, a plaintiff seeks to admit such record into evidence under the business records exception to the hearsay rule. Since foreclosure trials and motions to enter final judgment essentially relate to the admission of documents and records maintained by lenders and servicers in the ordinary course of their regularly conducted business activities, there is no information which Defendant can obtain in a deposition that cannot be

obtained by of a review of documents produced in discovery. But Defendant must first present a specific objection to the amount claimed due, and he has failed entirely to do so. A demand for deposition without having made any specific, credible challenge to any component of Plaintiff's damages claim, is not good faith and ought not be countenanced. On these facts, Plaintiff is entitled to final judgment and to an order denying Defendant's motions, and, finally, to quash the deposition notice.

      13. For these reasons, Plaintiff seeks the entry of an Order entering final judgment in the amount sought, the denial of Defendant's motions in their entirety, and quashing the deposition notice.

Respectfully,

KML Law Group, P.C.

BY: _____
    J. Eric Kishbaugh, Esq.
    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2007-7T2, Mortgage Pass-Through Certificates, Series 2007-7T2<br>Plaintiff<br>v.<br><br>Andrew J. Witty, et al<br>Defendant(s) | Case No. 2:15-cv-00500 MCA-MAH<br><br>CIVIL ACTION<br><br>BRIEF INOPPOSITION TO DEFENDANT'S MOTIONS AND IN SUPPORT OF OBJECTION TO MOTION FOR DEPOSITION TESTIMONY |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION**

I. STATEMENT OF FACTS

The salient facts have been set forth in the accompanying opposition and objection to the motion for leave to take depositions and may be summarized briefly. This is a mortgage foreclosure in which summary judgment has been granted in Plaintiff's favor and against Defendant. The merits of the case are resolved. Plaintiff has filed a Motion to Enter Final Judgment, supported by an itemized Certification of Proof of Amount Due. Defendant has filed opposition to final judgment and has also moved for a stay of the foreclosure, and for leave to take depositions. Plaintiff opposes Defendant's motion and objects to the motion for leave to obtain deposition testimony.

II ARGUMENT

A. The CFR and Dual Tracking: The Motion to Stay Proceedings

12 CFR Section 1024.41(a) governing loss mitigation procedures allows a borrower to enforce the provisions of this section pursuant to 12 U.S.C. Sec. 2605(f). The

loss mitigation application contemplated therein is a 'complete loss mitigation application", which is defined in 12 CFR Sec. 1024.41(b)(1) as "an application in .which a servicer has received all the information that the servicer requires …in evaluating applications…Further, servicers are required to advise applicants promptly upon receipt of a loss mitigation application whether the same is complete, and if incomplete, set forth what documents or information is required to complete the application. See 12 CFR Sec. 1024.41(b)(2)(i)(A) and (B). Servicers are required to provide a reasonable deadline for the submission of additional documentation if the loss mitigation application is incomplete.

    Here, Defendant has failed completely to provide ANY evidence that he submitted a loss mitigation application other than his statement that one was submitted in various parts in August, 2022. There is no copy of any application or portion thereof, which he claims to have submitted. Nor is there any correspondence attached to Defendant's motion to establish whether an application was received, was complete or incomplete, and if incomplete, what documents were required to complete the application. Defendant does not say what was submitted and whether he submitted documents in response to any request of Plaintiff or its servicer, if indeed there was such a request.Applications for loan modifications are regulated heavily and the exchange is in writing. Yet Defendant appends zero documentation in support of his incredible claim. To argue that more than a year after an application was supposedly submitted, despite the absence of supporting documentation, that an application is pending and that a foreclosure should be stayed, is not only not credible, but also contrary to specific regulations. Defendant is not entitled to a stay of the foreclosure. He has showed no justification for such relief. Defendant has failed to show that any loan modification was submitted or is pending.

    B. Opposition to Final Judgment

    Defendant opposes final judgment based on challenges to standing, Plaintiff's possession of the note, the knowledge of affiant and compliance with the Fair Foreclosure Act.

All of such challenges lack merit as all issues related to the merits of Plaintiff's foreclosure case have been resolved in Plaintiff's favor by summary judgment. It is too late to challenge the underlying foreclosure and Defendant is not entitled to relitigate these issues. Instead, the only issue to be considered at the final judgment stage of foreclosure litigation in New Jersey is the amount claimed due under the note and mortgage. And here, Defendant has offered no facts, calculations or documentation as to how or why Plaintiff's calculations of the amount due, are incorrect. MONY Life Insurance Company v. Paramus Parkway Bldg Ltd., 364 N.J. Super. 92 ( App. Div. 2003) is instructive. There, in a foreclosure of commercial real estate, Plaintiff submitted a certification as to the amount due. At the eleventh hour, Defendant filed opposition on the basis that discovery had not been completed as to the amount due, and challenged the reasonableness of the amounts claimed due. Final judgment was entered, after which Defendant appealed. The court was unimpressed with Defendant's contentions. That Defendant has failed to make a specific challenge to the amount due was critical. The court declined to set aside final judgment because Defendant had offered "no contrary proofs" to those which Plaintiff had submitted. 364 N.J. Super. at 102. Further, Defendant was not entitled to an evidentiary hearing as to the amount claimed due where Defendant "never established a contested fact. Id. at 106.

So it is here. Defendant has offered no specific challenge to any component of the amount claimed due. Defendant has submitted no document from which a court could conclude that Plaintiff's figures are suspect. A general, unsupported challenge to Plaintiff's figures is not sufficient to constitute a specific challenge, warranting an evidentiary hearing. Finally, in the absence of a specific challenge, Defendant is not entitled to such a hearing and final judgment

should be entered. As to the request for deposition testimony, Defendant has shown no entitlement to an evidentiary hearing, much less for discovery by deposition. Again, the important element is a specific, factual challenge to the amount claimed due, that that is conspicuously and totally absent here. Defendant is not entitled to the relief sought, and Plaintiff is entitled to the entry of final judgment.

II. CONCLUSION

For the foregoing reasons, Defendant's motions should be denied in their entirety and final judgment should be entered in the amount set forth in Plaintiff's motion therefore.

        Respectfully,

        KML Law Group, P.C.
        Attorneys for Plaintiff

        BY: _____
        J. Eric Kishbaugh, Esq.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2007-7T2, Mortgage Pass-Through Certificates, Series 2007-7T2<br>Plaintiff<br>v.<br><br>Andrew J. Witty, et al<br>Defendant(s) | Case No. 2:15-cv-00500 MCA-MAH<br><br>CIVIL ACTION<br><br>ORDER |

THIS MATTER having been brought before the Court upon the Plaintiff's filing of a Motion for Final Judgment, and Defendant having filed opposition to the entry of final judgment and also a Motion to Stay Proceedings and a Motion for Leave to Take Deposition Testimony, and Plaintiff having filed opposition to Defendant's motion and an objection to the request to take deposition testimony, and good cause having been shown:

IT IS ORDERED on this _____ day of _____, 2023 ORDERED that:

1. Final Judgment in mortgage foreclosure is entered in Plaintiff's favor and against Defendants in the amount of $2,663,719.67 through August 15, 2023, together with such additional interest as may accrue thereafter at the contract rate and any expenses incurred by Plaintiff thereafter in the payment of real estate taxes, insurance or other amounts permitted pursuant to the note and mortgage and applicable law, and directing the U.S. Marshall to schedule and conduct a public sale of the property designated as 496 White Oak Ridge Road, Short Hills, New Jersey 07078;

2. Defendant's Motion to Stay Foreclosure Proceedings be and hereby is denied;

3. Defendant's Motion to Obtain the deposition testimony of Plaintiff's

representatives or those of its attorneys or the staff thereof be and hereby is denied ,

   4. Plaintiff's Opposition to the request for deposition testimony is sustained; and;

   5. Defendant's Motion to Postpone a ruling on the within motions is denied.

 SO ORDERED.

_____

MADELINE COX ARLEO, U.S.D.J.