# KML LAW GROUP, P.C.
A PROFESSIONAL CORPORATION INCORPORATED IN PENNSYLVANIA

ATTORNEYS AT LAW

701 MARKET STREET, SUITE 5000
PHILADELPHIA, PA 19106
(609) 250-0700 (NJ)
(215) 627-1322 (PA)
FAX (609) 385-2214
WWW.KMLLAWGROUP.COM

December 29, 2023

Madeline Cox Arleo, U.S.D.J.
United States District Court
50 Walnut Street No. 4015
Newark, NJ 07102

RE: The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2007-7T2, Mortgage Pass-Through Certificates, Series 2007-7T2 vs. Andrew J. Witty
Essex County – Docket #F-024738-14

Dear Judge Arleo:

Enclosed, please find the Plaintiff's response to Defendant's surrebuttal, request for stay, and reply.

Respectfully,

KML Law Group, PC

BY: _____
J. Eric Kishbaugh
Attorneys for Plaintiff

cc: Shellpoint Mortgage Servicing: Acct. No. 0579481390

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2007-7T2, Mortgage Pass-Through Certificates, Series 2007-7T2<br>Plaintiff<br>v.<br><br>Andrew J. Witty, et al<br>Defendant(s) | Case No. 15-cv-00500 MCA<br><br>CIVIL ACTION<br><br>PLAINTIFF'S REPLY IN SUPPORT OF FINAL JUDGMENT |

Plaintiff responds to Defendant's Surrebuttal to Plaintiff's Motion to Enter Final Judgment thus;

1. This is an action in mortgage foreclosure which arises out of Defendants' default pursuant to the terms of a note and mortgage. Defendants have not made a single payment for a period in excess of fourteen (14) years. Plaintiff's position deteriorates daily as interest continues to accrue, real estate taxes and insurance premiums continue to become due, and Defendants persist in their refusal to make payment of even a portion of their obligations.

2. On August 14, 2020, the court granted Plaintiff's motion for summary judgment and denied Defendants' cross-motion for summary judgment. All issues regarding the merits of the litigation are therefore resolved in Plaintiff's favor. Plaintiff now seeks the entry of final judgment. Defendants oppose final judgment, seek a stay of proceedings, and the depositions of various individuals.

3. Defendants assert that the motion to enter final judgment is improper as it constitutes "dual tracking', that is, pursuing foreclosure litigation to conclusion while the

parties are engaged in loss mitigation negotiations. But Defendants have made no showing that any loan modification or other loss mitigation efforts are ongoing, and they cannot. There is no loan modification application pending, nor other loss mitigation pending of any nature.

    4.  Pursuant to New Jersey Rule 4:64-1(d), the only issue relevant to the entry of final judgment is the amount due. For that reason, the Rules are specific in their requirement that a plaintiff submit a detailed certification of proof of the amount due as required by Rule 4:64-2. Plaintiff's submission complies with such rule.

    5.  New Jersey Court Rule 4:64-1(d)(3) allows any party with the right of redemption to file an objection to the amount claimed due. However, such objection must set forth specifically the nature of the objection, or put differently, a detailed summary of how, in what manner and to what extent, Plaintiff's calculations of the amount due are inaccurate or incorrect. Defendants have not filed any appropriate or specific objection to the certification of proof of amount due. Therefore, there s no legal or legal impediment to the entry of final judgment.

    6.  Defendants' request to stay the proceedings and to take depositions are designed solely to delay the entry of final judgment. If Defendants' intent were truly to obtain information as to the amount due, they would first have identified some component of the proof of amount due which they believed inaccurate, and filed an objection which provided specific reasons or figures to show that Plaintiff's calculations were erroneous. They chose not to do so. They chose not to follow New Jersey law. Instead, without filing any objection, without identifying any error in Plaintiff's certification of proof of amount due, Defendants want to engage in discovery as though the parties were starting anew.

    7.  At some point, and we have reached that point, the Plaintiff should be permitted to enter final judgment . Thus Plaintiff will be able  finally, to obtain the relief to which this

court determined that Plaintiff was entitled more than three (3) years ago. The longer this matter languishes, the grater the plaintiff's loss. And there is no equitable consideration which can possible favor a defendant who has failed to make a monthly mortgage payment in more than fourteen (14) years. Unless final judgment is entered, these Defendants will have been rewarded for well over a decade of avoiding the obligations which they voluntarily undertook. And the direct result has been to double the amount due to the Plaintiff, from they original principal balance. Equitable considerations do not run only in the favor of defendants. Plaintiff's motion to enter final judgment should be granted, and Defendants' motions denied in their entirety.

      Respectfully Submitted,

      KML Law Group, P.C.

      BY: _____ 12.29.2023
        J. Eric Kishbaugh, Esq.
        Attorney for Plaintiff