UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : : : : | |
| Plaintiff, | : : | Civil Action No. 15-500 (MCA) (MAH) |
| v. | : : | |
| ANDREW J. WITTY, et al., | : : | ORDER |
| Defendants. | : : : | |

This matter having come before the Court on *pro se* Defendant Andrew Witty's ("Defendant") motion for reconsideration, D.E. 123;[1]

and Defendant seeking reconsideration of this Court's January 25, 2024 Letter Opinion and Order, D.E. 122, which denied Defendant's request to stay the proceedings;

and the Court having considered Defendant's application, D.E. 123;

and the Court having considered Plaintiff Bank of New York Mellon's ("BONYM") opposition, D.E. 124;

and the Court having considered Defendant's reply, D.E. 126;[2]

---

[1] Defendant has filed his motion as a "Revised and Augmented Notice of and Motion for Enforcement of Mandatory Stay [or Abatement] of These Judicial Proceedings Under 12 C.F.R. 1024.41(g) Et Seq." However, this Court characterizes Defendant's filing as a motion for reconsideration, as it asserts fundamentally the same arguments as his initial motion for a stay. Accordingly, this Court addresses Defendant's submission under the standard of a motion for reconsideration. *See Chum Nam Yeung v. Sanders*, No. 11-5966, 2012 WL 1033033, at *1 (D.N.J. Mar. 27, 2012) ("The Petitioner's motion is in essence a motion for reconsideration . . . [t]herefore, Local Civil Rule 7.1(i) governs the court's analysis.").

[2] This Court notes several procedural infirmities regarding this motion and its opposition. As noted, Defendant's motion is in essence a motion for reconsideration for this Court's January 25,

and the Court having decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and it being well-settled that a motion for reconsideration is "an extremely limited procedural vehicle[,]" *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992);

and in determining whether reconsideration is appropriate courts contemplate whether the movant has demonstrated (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, *see Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. App'x 743, 747 (3d Cir. 2009);

and the Court having considered the submissions in support of, and in opposition to,[3] as well as the record, and the applicable law;

---

2024 Letter Opinion and Order. *See generally* Ltr. Op. & Order, D.E. 122. Therefore, it is outside the fourteen-day period prescribed by Local Civil Rule 7.1(i). Further, BONYM's opposition to Defendant's motion is also untimely, as it was filed on March 21, 2024. Finally, pursuant to Local Civil Rule 7.1(d)(3), replies for motions for reconsideration are not permitted without leave of this Court. However, given the age of this case, Defendant's *pro se* status, and in the interests of adjudication on the merits, this Court considers the fulsome submissions of both parties.

[3] Defendant argues that a stay is warranted for the same reasons put forth in his initial application for a stay. *See* Mot. to Stay, Aug. 24, 2023, D.E. 104. However, he now attaches "new documents . . . consistent with this [C]ourt's implicit urging" to support that stay of these proceedings is required under 12 C.F.R. § 1024.41(g), because he has a pending loss mitigation with Shellpoint Mortgage Servicing ("Shellpoint"). Mot. for Reconsideration, D.E. 123, at 6-7. These documents include: (1) September 8, 2022 cover letter addressed to Shellpoint; (2) Defendant's Checking Account Summary from June 16, 2022 to July 15, 2022; (3) Defendant's Checking Account Summary from July 15, 2022 to August 17, 2022; (4) Monthly Expense Tracking; (5) September 8, 2022 hardship letter addressed to Shellpoint; (6) September 7, 2022 Shellpoint Mortgage Assistance Application; (7) August 26, 2022 Request for Transcript of Tax Return; (8) September 7, 2022 Shellpoint Taxpayer Consent Form; (9) October 1, 2020 Individual Income Tax Return Form; (10) October 1, 2021 Individual Income Tax Return Form. *See generally* Mot. for Reconsideration, Ex. A-B, D.E. 123-1. According to Defendant, if this Court were to deny his motion it would be "against the law, invit[e] immediate appeal and deprive [Defendant] of his due

and the Court finding that Defendant failed to meet his burden under the standard for reconsideration;[4]

---

process guarantees under the law." Mot. for Reconsideration, D.E. 123, at 9. Defendant contends a stay is warranted because the Court based its denial on the fact that it "was unable to see what documents were delivered to the servicer." *Id.* at 11. However, Defendant maintains with the newly filed evidence, he has established good cause to stay the proceedings, because the status of his application is undetermined and pending. *Id.* at 12-13.

BONYM counters Defendant's motion should be denied because he has failed to provide proof that he submitted a completed loss mitigation application. Opp'n, D.E. 124, at 3. Specifically, BONYM contends the documents supplied by Defendant are insufficient because he "failed to attach any evidence of a communication from Plaintiff or its servicer, by letter, email or otherwise, to show that Defendant's application and documentation were indeed received." *Id.* at 3-4. Further BONYM claims Defendant's arguments must fail even assuming he submitted a loss mitigation application because piecemeal applications become stale following ninety-days. *Id.* at 4. BONYM also calls into question Defendant's supporting documentation because he does not provide any confirmation or communications from Shellpoint. *Id.* BONYM argues that there is no loss mitigation application pending and attaches an internal memorandum from Shellpoint confirming same. *Id.*; Shellpoint Internal Memo, Ex. A, D.E. 124.

Defendant replies that BONYM's opposition should be stricken from the record because it is an unsupported, unauthorized certification. *See* Reply, D.E. 126, at 2. He further argues BONYM's opposition is "nothing but hearsay" and takes issue with BONYM's use of Shellpoint's internal memorandum arguing that the exhibit is unclear and vague as to who created the memorandum and when, and because there is no attached sworn affidavit as to its authenticity. *Id.* at 6.

[4] This Court again finds that a stay of these proceedings is not appropriate. As a preliminary matter, "a party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown" previously. *Waller v. Foulke Mgmt.*, No. 10-6342, 2012 WL 924865, at *2 (D.N.J. Mar. 19, 2012). Here, Defendant has not demonstrated that the documentation he now submits for our review was unavailable to him. Nor does this Court agree that its January 25, 2024 decision "implicitly" requested Defendant to file the present motion and its attachments. However, even if this Court were to consider the documents that Defendant submits it would not alter its decision. Indeed, it remains that Defendant has not demonstrated that a completed loss mitigation application was submitted and received by Shellpoint. *See Joussett v. Bank of Am., N.A.*, No. 15-6318, 2016 WL 5848845, at *6 (E.D. Pa. Oct. 6, 2016) (quoting 12 C.F.R. § 1024.41(g)) (stating that 12 C.F.R. § 1024.41(g) prohibits "mov[ing] for foreclosure judgment or order of sale" while a complete and timely loss mitigation application is pending). Again, Defendant fails to establish that a complete application was submitted to Shellpoint, as he fails to supply any communication or confirmation with the servicer which demonstrates it received a complete application. For example, even the documents Defendant does provide, in particular his purported cover letter to Shellpoint, are not stamped received by Shellpoint. Nor is there any way for the Court to determine when these documents

**IT IS** on this 15th day of April 2024;

**ORDERED** that Defendant's motion for reconsideration, D.E. 123, is **DENIED.**

                                                    /s Michael A. Hammer_____
                                                    **United States Magistrate Judge**

---

were received by Shellpoint. At bottom, Defendant's motion can only be seen as mere disagreement with this Court's prior decision, or an attempt to reargue its original motion, both of which are not grounds to grant reconsideration. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Accordingly, this Court denies Defendant's request to stay these proceedings.

Finally, to the extent that Defendant seeks to argue aspects of standing, this Court declines to address such arguments and reiterates the merits of Defendant's arguments were previously considered and decided both at the summary judgment phase and following a request for reconsideration. *See* Ltr. Order, August 14, 2020, D.E. 73, at 6 n.8; Order, May 28, 2021, at 3. The Court therefore declines to address Defendant's arguments as they can only be characterized as an attempt to relitigate the merits of the case. *See Banxcorp v. Bankrate, Inc.*, No. 07-3398, 2020 WL 2786925, at *2 (D.N.J. May 29, 2020) ("The Court finds [the] [p]laintiff's contentions unavailing and notes that several of the arguments are improper attempts to relitigate issues already considered by this Court.").