## IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

BANK OF NEW YORK MELLON

v.                                                    Case: 2:15-cv-0500-MCA-MAH

ANDREW J. WITTY and SHERYL WITTY

---

## ORDER

**THIS MATTER** having come before the court on Plaintiff's Notice of Motion for the entry of Final Judgment, and the court having considered the supporting Certification and Exhibit submitted in support thereof,[1] and any opposition filed by Defendants, and good cause having been shown:

IT IS on this 25 day of april , 2024 ORDERED AND ADJUDGED that Plaintiff is entitled to have the sum of $2,663,719.67 together with lawful interest thereon together with costs of this action to be taxed together with a counsel fee of $2016.83 raised and paid out of the mortgaged premises described in the Complaint;

AND, it is further ORDERED and ADJUDGED that the mortgaged premises designated as 496 White Oak Ridge Road, Short Hills, New Jersey 07078 be sold to raise and satisfy the amount due to Plaintiff and that an execution issue for that purpose to the United States Magistrate with the command to make sale of such mortgaged premises and out of the monies arising from sale pay the Plaintiff's debt, with interest thereon and costs as aforesaid, to the Plaintiff or its attorney, and that in case there is a surplus remaining after the sale that such surplus be brought into court to abide further order of this court, and that the Magistrate make a report of the sale as required by New Jersey law;

---

[1] Defendant's opposition has largely consisted of requests for stays. By letter Opinion Dated January 25, 2024, Judge Hammer denied Plaintiff's Motion for a Stay without prejudice for failure to demonstrate that a loss mitigation application had been filed, pursuant to 12 CFR 1024.41(g). Thereafter, Plaintiff filed a "Revised and Augmented Notice of and Motion for Enforcement of Mandatory Stay..." (D.E. 123), which Judge Hammer treated as a motion for reconsideration and denied by Order dated April 14, 2024, noting that "[d]efendant has not demonstrated that a complete loss mitigation application was submitted or received...." D.E. 127, n.4. This Court agrees defendant has not demonstrated an entitlement to a stay and that these applications appear to be filed for the purpose of delay.

AND it is further ORDERED that all defendants to this action stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to the said mortgaged premises as shall be sold by virtue of this judgment except as provided by 28 U.S.C. Section 2410;

AND it is further ORDERED that Plaintiff or any purchaser under the foreclosure sale duly recovered against Defendants and all parties holding by, or claiming under them or any of them, possession of the mortgaged premises mentioned and described in the Complaint with the appurtenances, and that a Writ of Possession issue thereon;

This judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act, N.J.S. 2A:18-61 et seq.


_____
HON. MADELINE COX ARLEO,
U.S.D.J.