**Andrew J. Witty**
500 White Oak Ridge Road
Short Hills, New Jersey 07078
Tel: 917.270.0103
E-MAIL: WITTY@IMAXDIRECT.COM

May 4, 2024

THE UNITED STATES DISTRICT COURT  DISTRICT OF NEW JERSEY – NEWARK
Attn: Judge Madeline Cox Arleo; and, Judge Michael A. Hammer

Re:  Case No.  2:15-cv-00500- MCA-MAH
THE BANK OF NEW YORK MELLON, as a Trust, v. WITTY, et al.
**Status Letter Affidavit in anticipation of a Motion for Stay** [to be filed]

Dear The Honorable Madeline Cox Arleo, and The Honorable Michael A Hammer:

Thank you for considering this informal letter advising the court of the status of the matter as of this past Thursday, April 25, 2024, regarding the rulings on two matters before the court affecting my interest. I will endeavor to be brief and appreciate the court's prompt handling of this matter as I am still in pro se, and my procedural time clock is ticking.

This past week, I was advised of the court's ruling on:

1. My second motion for a stay of the proceedings based on my rights stated clearly in 12 C.F.R. § 1024.41(g), et al., which prohibits *dual tracking* by the plaintiff Bank of New York Mellon when an application for loan modification is pending as stated in the regulations your Honorable Judge Arleo and Honorable Judge Hammer have had before you in my motions.  The initial denial of my motion was reconsidered by this honorable court and denied yet a second time on April 15, 2024 [ECF no. 127] after I provided new evidence and grounds for the court to consider. This denial resulted in the court ruling on the second issue:

2. The plaintiff's motion for Entry of Final Judgment against me, only. [ECF no. 128]. The court granted that motion, and the Honorable Judge Arleo signed the Judgment, albeit without first allowing me to see the final draft of the proposed Judgment for review and lodging of objections or concerns as to content which I understand to be common practice in contested matters resulting in issuance of such an Order. I must respectfully lodge an Objection to the issuance and filing of such Judgment as I will support in my Motions to be filed promptly.  In summary, the Judgment is defective.  As well, it is procedurally premature as I urge below.

The motion and reconsideration are ripe for appeal as denials for my request for injunctive relief under Rule 60.

My concern is that pending the appeal and the intended Motion to vacate the judgment under Rule 60, et al., the court may have erred by signing off on the Judgment dated April 25, 2024 [ECF doc no.128], without knowing that on April 22, 2024, before I had notice of the court's ruling and endorsement of the Judgment form, I now can certify with unassailable truth that I complied with the provisions of the C.F.R. application process which mandates a stay of the foreclosure proceedings. The Honorable Magistrate Judge Hammer was aware of the regulation in his Orders denying my request for relief and acknowledging the effect of the code.

In sequence, the Order denying Reconsideration was entered on April 15, 2024 [ECF no.127], The Judgment was signed on April 25, 2024. [ECF no.128].

However, on April 22, 2024, at 9:15 a.m. I engaged in a second effort to perfect the requirement of the C.F.R. by calling plaintiff's loan servicer Shellpoint Mortgage Servicing and again sending the documents that Shellpoint Mortgage Servicing requested. I spoke to an agent representative named Milton Scott who confirmed his role at Shellpoint Mortgage Servicing whose phone number is 866.825.2174. **Mr. Scott requested information during our phone conversation and began my loss mitigation application.**

Mr. Scott referred me to a "single point of contact" [SPOC] person identified as Brian Mitchell. Mr. Scott further advised me that the "loss mitigation application" I was inquiring of, under Shellpoint's practices and procedures was considered to be *started* upon first contact with the servicer as a matter of company policy, and that under "12 C.F.R.sec.1024.41(c)(2)(iv)," because the borrower does not know the specific documents Shellpoint Mortgage Servicing requires, Shellpoint does not hold the borrower to a specific time limit because the burden to give notice to the borrower holds the servicer to a duty to exercise reasonable diligence in obtaining documents and not the borrower applicant' 'under 41(c)(2)(i).' Mr. Scott stated that the regulation does not prohibit a servicer from offering loss mitigation options to a borrower such as a "trial loan modification," who has not submitted an application or submitted an incomplete application under the same regulation section. I relied on this representation in moving forward with the application process.

I then received from Shellpoint via their internet website: www.shellpointmtg.com a memo on April 22, 2024, [See **Exhibit A**] from "Secure Message Center/Mortgage Assistance" confirming under my "loan information" for my loan number 0579481390 a confirmation as the exhibit shows, that,

> "**Our records show that you are currently on an active Loss Mitigation Workout**."

Also, I received an email, [See **Exhibit B**] from the same department stating, "Hello, yes, you can also submit documents via: lossmitigation@shellpointmtg.com or fax to 866-467-1187." Having sent the required documents to the servicer, Shellpoint Mortgage Servicing and receiving a confirming memo should satisfy the court that I had complied with the code requirements and Shellpoint Mortgage Servicing confirmed on its own stationery.

I am preparing a formal motion to stay the proceedings. However, in light of the language of the regulation barring dual tracking including actively pursuing any foreclosure judgment whilst the application is pending, which here would commence on the date of delivery April 22, 2024, the court by entering a Judgment on April 25, 2024, errored under FRCP Rule 60 by allowing a party bank to seek and obtain a foreclosure judgment. Such is a brand of excusable negligence, inadvertence, surprise, or mistake for which plaintiff can be held liable. The relief I seek is to have the judgment immediately vacated which may be done under Rule 60(b), on motion, and presumably, since malpractice and sanctions looms ahead for counsel for Bank of New York Mellon for this indiscretion by not advising the court of the development of new facts, by stipulation to vacate judgment which I would agree to without a motion to save the court time and expense.

As well, I am requesting with the stipulation or order to vacate, an order staying the proceedings consistent with the C.F.R. dual tracking prohibitions to be entered *sua sponte* by our honorable court to save parties having to move and respond under the Rules.

I am also asking the court for clarification on its order "closing" the file as per Order [ECF no. 128], on April 25, 2024, considering what we have revealed to this court herein. Is the case now closed and if so, may the court reopen by this letter petition the matter to allow for the proper administration of entering new rulings and orders per our above request for which a *sua sponte* order could suffice?

If my request is denied in whole or part, may the court give written notice to me in advance of allowing any further activity to occur if allow at all, since the case is now "closed?" If closed the case cannot be ripe for further proceedings including the issuance and use of any writ of execution plaintiff may be contemplating. We appreciate the court's attention to notifying us concerning its view and intended order.

In the alternative, may the court stay the further proceedings starting immediately to allow me to file my intended formal motion and seek relief from this court or the Court of Appeals to the issues I am ready to present?

                                                          Respectfully submitted,

                                                          *Andrew J Witty*

                                             Andrew J. Witty, Defendant pro se

PAGE INTENTIONALLY BLANK

_____

# EXHIBIT A



# Homeowner Assistance Solutions

Our records show that you are currently on an active Loss Mitigation Workout.

If you have any questions, please call your Single Point of Contact, Brian Mitchell, at

bmitchell1@shellpointmtg.com or call (866) 825-2174.

# EXHIBIT B

# shellpoint
A DIVISION OF newrez

LOAN INFORMATION
0579481390

JOE WHOE
195 WHITE OAK RIDGE ROAD
SHORT HILLS NJ 07078

**Dashboard** | **Payments** ▼ | **Statements** ▼ | **Mortgage Assistance** ▼ | **Help** ▼

# Secure Message Center

**Application Documents**

From: companyName
Date: Thu Apr 25 2024 at 18:50:50

Message:
Hello, yes, you can also submit documents via: lossmitigation@shellpointmtg.com or fax to 866-467-1187.

------------------------------------------------------------------------------------------------------------

From: ANDREW J WITTY
Date: Tue Apr 23 2024 at 18:59:45

Message:
Greetings,
I am attempting to submit documents for my loan mitigation application
Is there an option to do so online or by mail only?
Andrew Witty
Loan# 0579481390

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been. served upon the following counsel and the State or Federal District Court of Record via [Personal Delivery] or [facsimile] or by U.S. Mail or/and by email or ECF, in accordance with the State or USDC Rules of Civil Procedure on the date of: May 4, 2024

Current Attorneys or Parties served:

J. Eric Kishbaugh, Esq.

KML Law Group

701 Market Street, Suite 5000

Philadelphia, PA, 19106

Attorneys for Plaintiff

*Andrew J Witty*

_____

Andrew J Witty, Affiant